IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 7, 2006

## WAYMON PERRY RUSSELL v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 5325    Joseph H. Walker, III, Judge**

_____

**No. W2005-00311-CCA-R3-HC  - Filed March 13, 2006**

_____

The petitioner, Waymon Perry Russell, filed a petition in the Hardeman County Circuit Court seeking a writ of habeas corpus. The petitioner alleged that the trial court imposed concurrent sentences when consecutive sentencing was mandatory. The habeas corpus court dismissed the petition without appointing counsel or conducting an evidentiary hearing. The petitioner challenges the dismissal. Upon our review of the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Waymon Perry Russell, Clifton, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter, Blind Akrawi, Assistant Attorney General; Elizabeth T. Rice, District Attorney General, and Joe Van Dyke, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

From the scant record before us, it appears that on January 30, 1990, the petitioner committed the offense of aggravated burglary in Shelby County. He was convicted of this offense on June 28, 1990. According to the petitioner, on August 12, 1990, while he was serving his sentence for aggravated burglary, he escaped from custody and was charged in Hardeman County with especially aggravated robbery, two counts of especially aggravated kidnapping, and felony escape. On January 4, 1991, the petitioner pled guilty in Hardeman County to one count of aggravated robbery, two counts of aggravated kidnapping, and one count of felony escape. Also on January 4, 1991, the petitioner pled guilty in Fayette County to two counts of aggravated burglary, which offenses had

occurred on January 30, 1990. The trial court sentenced the petitioner as a Range III persistent offender to thirty years for each of his aggravated robbery and aggravated kidnapping convictions, six years for his felony escape conviction, and fifteen years for each of his aggravated burglary convictions from Fayette County. The trial court ordered that the Hardeman County and Fayette County sentences be served concurrently with each other but consecutively to the outstanding Shelby County conviction for aggravated burglary.

The petitioner subsequently filed a "Petition for Writ of Error Coram Nobis and/or in the alternative issuance of a Writ of Habeas Corpus."[1] In his petition, the petitioner argued that the trial court impermissibly imposed concurrent sentencing in the Hardeman County and Fayette County cases, maintaining that because he committed the offenses while on escape status, the trial court was required to impose consecutive sentencing. The habeas corpus court dismissed the petition, finding that the trial court had the jurisdiction to impose the sentences the petitioner received. On appeal, the petitioner challenges the trial court's ruling.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citations omitted).

On appeal, the State first argues that the petitioner failed to comply with the procedural requirements for filing a petition for a writ of habeas corpus. "Without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). Specifically, Tennessee Code Annotated section 29-21-107 provides:

---

[1] On appeal, the petitioner has not pursued any claims relating to his petition for a writ of error coram nobis.

-2-

(a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

As the State alleges, the petitioner failed to state that the legality of his restraint has not already been adjudicated and failed to state that the instant petition is his first application for a writ of habeas corpus. See Cox v. State, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001). Accordingly, due to these procedural errors, the habeas corpus court could have dismissed the petition on this basis. However, the habeas corpus court declined to dismiss the petition on procedural grounds. Likewise, we will address the merits of the petitioner's complaint.

As we have noted, the petitioner argues that the trial court should have imposed consecutive sentencing because the Hardeman County and Fayette County offenses were committed while he was on escape status. See Tenn. R. Crim. P. 32(c)(3)(B). Our review of the record reveals that the petitioner committed the Fayette County offenses on the same day he committed the Shelby County offense, the offense for which he was incarcerated before he escaped. Therefore, the trial court was not required by Rule 32(c)(3)(B) to impose consecutive sentencing. However, the trial court could order the Fayette County sentence to be served consecutively to the Shelby County sentence under Tennessee Rule of Procedure 32(c)(2).

Additionally, because the petitioner committed the Hardeman County offenses while on escape status, the trial court was required to order the sentences for those offenses to be served

consecutively to the Shelby County sentence he was serving at the time he escaped. The trial court correctly imposed consecutive sentencing in this manner. There is no requirement that the trial court order the Hardeman County sentences served consecutively to each other. See Hogan v. Mills, 168 S.W.3d 753, 756 (Tenn. 2005). Therefore, the record does not reflect that any of the petitioner's contested sentences are illegal. Thus, the petitioner is not entitled to habeas corpus relief.

### III. Conclusion

Based upon the foregoing, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE